1   DARYL S. LANDY, State Bar No. 136288    FILED
    MORGAN, LEWIS & BOCKIUS LLP
2   2 Palo Alto Square                      07 MAY 29 PM 3: 28
    3000 El Camino Real, Suite 700
3   Palo Alto, CA 94306-2212               RICHARD W. WICKING
    Tel: 650.843.4000                   CLERK, U.S. DISTRICT COURT
4   Fax: 650.843.4001                  NORTHERN DISTRICT OF CALIFORNIA
    dlandy@morganlewis.com
5
    M. MICHAEL COLE, State Bar No. 235538
6   MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
7   San Francisco, CA 94105-1126
    Tel: 415.442.1000
8   Fax: 415.442.1001                   E-Filing
    mcole@morganlewis.com
9
    Attorneys for Defendant
10  A.G. EDWARDS, INC., a.k.a. A.G. EDWARDS &
    SONS, INC.
11

12                  UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                                    C 07 2791

15  SAM LANDRUM,                       Case No.
    On Behalf of Himself and
16  All Others Similarly Situated,,    **NOTICE OF REMOVAL OF ACTION**

17                  Plaintiff,         **28 U.S.C. 1441(b)( Diversity)**

18          vs.

19  A.G. EDWARDS, INC. a.k.a. A.G.
    EDWARDS & SONS, INC.,
20
                    Defendant.
21

22
        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
23
    NORTHERN DISTRICT OF CALIFORNIA:
24
        PLEASE TAKE NOTICE THAT Defendant A.G. Edwards, Inc., a.k.a. A.G. Edwards &
25
    Sons, Inc.[1] (hereinafter "Defendant" or "A.G. Edwards") submits this Notice of Removal, and,
26
    pursuant to 28 U.S.C. § 1441, hereby removes to this Court the state action described below:
27

28
    [1] A.G. Edwards & Sons, Inc. is a wholly-owned subsidiary of A.G. Edwards, Inc.

MORGAN, LEWIS &
  BOCKIUS LLP
ATTORNEYS AT LAW    1-SF/7553090.1
   NEW YORK

NOTICE OF REMOVAL

1        1.    On or about April 18, 2007, Plaintiff Sam Landrum ("Plaintiff") filed a Complaint

2    for Damages and Injunctive Relief ("Complaint") against A.G. Edwards in Alameda County

3    Superior Court. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

4        2.    The Complaint and/or Summons were served on A.G. Edwards' agent for service

5    of process on or about April 27, 2007.

6        3.    On or about May 29, 2007, A.G. Edwards answered Plaintiff's Complaint. A true

7    and correct copy of A.G. Edwards' Answer is attached hereto as **Exhibit B**. No other

8    proceedings have been held in this action and the Complaint and Answer constitute all process,

9    pleadings and orders filed in this case.

10        4.    This Notice of Removal was filed within thirty (30) days of signing the Notice and

11    Acknowledgement of Receipt of the Complaint, and is therefore timely under 28 U.S.C.

12    § 1446(b).

13        5.    Pursuant to 28 U.S.C. § 1441(b), any civil action over which the district courts of

14    the United States have original jurisdiction may be removed from state to federal court.

15        6.    This action is a civil action of which the Court has original jurisdiction pursuant to

16    28 U.S.C. § 1332 due to diversity of citizenship and amount in controversy.

17            (a)    Diversity of Citizenship: Complete diversity exists between Defendant and

18    Plaintiff.

19                (i)    Plaintiff, at the time this action was commenced, was and still is a

20    citizen of the State of California, residing in Berkeley, California. See Exh. A, ¶ 1.

21                (ii)    A.G. Edwards, at the time this action was commenced, was and still

22    is incorporated in the State of Delaware with its principal place of business in the State of

23    Missouri. Pursuant to 28 U.S.C. § 1332(c), A.G. Edwards is not a citizen of the State of

24    California.

25            (b)    Amount in Controversy: A.G. Edwards is informed and believes that the

26    amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

27    See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997) (holding that

28    where a complaint does not allege a specific dollar amount, the case is removable if the removing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-SF/7553090.1    2

NOTICE OF REMOVAL

1    defendant shows by a preponderance of evidence that the jurisdictional amount is present).

2    Plaintiff's Complaint alleges that after his employment terminated, A.G. Edwards sent

3    him a letter demanding the payment of the sum of $75,000 pursuant to the alleged terms of a

4    Supplementary Training Agreement between Plaintiff and Defendant.  Exh. A, ¶ 12.  Plaintiff

5    further alleges that in response to this letter, he tendered a payment to A.G. Edwards.  Id. at ¶ 13.

6    Plaintiff purports to recover damages pursuant to California Labor Code § 2802.  Id. at ¶¶15-19.

7    Plaintiff further seeks injunctive relief to prohibit A.G. Edwards from seeking repayment of the

8    purported training expenses.  Id. at ¶¶ 20-21.  See also Prayer for Relief, ¶¶ 1, 4.  Finally,

9    Plaintiff also seeks the recovery of attorney's fees.  Prayer for Relief at ¶ 5.    Where, as here,

10   injunctive relief is sought, the "amount in controversy" requirement can be satisfied where either

11   plaintiff can gain or defendant can lose the jurisdictional amount.    See In re Ford Motor

12   Co./Citibank (So. Dakota), N.A., 264 F.3d 952, 958, (9th Cir. 2001).

13   While A.G. Edwards denies any and all liability to Plaintiff, A.G. Edwards has a good

14   faith belief that in light of the injuries alleged and remedies sought (which include attorney's

15   fees), this case is one in which the amount in controversy, exclusive of interests and costs,

16   exceeds the jurisdictional amount of $75,000.

17   7.    Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this

18   district embraces the county in which the removed action has been pending.

19   8.    A.G. Edwards will promptly serve Plaintiff with this Notice of Removal and file a

20   copy of this Notice of Removal with the clerk of the state court in which the action is pending, as

21   required by 28 U.S.C. § 1446(d).

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

I-SF/7553090.1                          3

NOTICE OF REMOVAL

1        WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth

2  in 28 U.S.C. § 1446, A.G. Edwards prays that the above-captioned action in the Superior Court of

3  the State of California in and for the County of Alameda be removed to this Court.

4

5  Dated: May 29, 2007                MORGAN, LEWIS & BOCKIUS LLP

6

7                                  By

8                                  Daryl Landy
                                  M. Michael Cole

9                                  Attorneys for Defendant,
                                  A.G. EDWARDS, INC., a.k.a. A.G.
                                  EDWARDS & SONS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

I-SF/7553090.1                      4

NOTICE OF REMOVAL

**EXHIBIT  A**



1   JON E. DRUCKER, State Bar No. 139389
    LAW OFFICES OF JON E. DRUCKER
2   8306 Wilshire Boulevard, Suite 638
    Beverly Hills, California 90211
3   Tel.: (323) 931-6363
    Fax: (310) 861-5480
4
    *Attorneys for Plaintiff Sam Landrum*
5   *and All Others Similarly Situated*

FILED
ALAMEDA COUNTY

APR 18 2007

By _____

6

7

8                SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                            COUNTY OF ALAMEDA

10

11
    SAM LANDRUM,                          Case No.   RG07321365
12  On Behalf of Himself and
    All Others Similarly Situated,
13
              Plaintiff,                  **CLASS ACTION COMPLAINT**
14                                        FOR DAMAGES AND INJUNCTIVE RELIEF
         v.                               BASED ON VIOLATIONS OF
15                                        LABOR CODE § 2802 AND
    A.G. EDWARDS, INC., aka               BUSINESS & PROFESSIONS CODE § 16600
16  A.G. EDWARDS & SONS, INC.

17            Defendant.

18

19                            __INTRODUCTION__

20         Plaintiff Sam Landrum ("Plaintiff") brings this class action (the "Action") on behalf of

21  himself and other similarly situated persons who, over the past three years and into the future,

22  have been or are parties to a written form employment contract ("the Agreement") with

23  defendant A.G. Edwards ("Defendant"). The Action alleges the Agreement violates two statutes:

24  California Labor Code § 2802 and Business & Professions Code 16600.

25         Pursuant to Labor Code § 2802, Plaintiff seeks reimbursement of payments for purported

26  job training expenses and other losses that class members suffered due to Defendant's unlawful

27  demands, as well as injunctive relief to prevent Defendant's violation of the statute in the future.

28         Pursuant to Business & Professions Code § 16600, Plaintiff seeks an injunction to



1  prevent Defendant from enforcing the anti-competition clauses within the Agreement, and from

2  even communicating to employees that such anti-competition clauses may be valid in California.

3

4  ### PARTIES, JURISDICTION AND VENUE

5      1.    Plaintiff Sam Landrum is a resident of Berkeley, California.

6      2.    Defendant A.G. Edwards, Inc., aka A.G. Edwards & Sons, Inc., was, at all

7  relevant times, a corporation doing business in California from offices located in California,

8  including this judicial district.

9      3.    The violations complained of occurred and are continuing to occur in California

10  and this judicial district.

11      4.    All other proposed Class Members were, at all relevant times, individuals who

12  resided in California and whom Defendant employed in the State of California.

13

14  ### CLASS ACTION ALLEGATIONS

15      5.    Plaintiff brings this action as a class action on behalf of all persons who have been

16  or are parties to a written form employment contract ("the Agreement") with Defendant and who

17  have suffered damages from Defendant's violation of Labor Code § 2802 within the past three

18  years and into the future (the "Class Period").

19      6.    Class members are so numerous that their joinder is impracticable.

20      7.    Disposition of the claims in a class action will provide substantial benefits to all.

21      8.    There is a well-defined community of interest in questions of law and fact

22  involved in this case that predominates over individual questions, including:

23          (a)    Did Defendant violate California state law?

24          (b)    Were employees' expenses necessarily expended or lost in direct

25                  consequence of the discharge of their duties as employees or of their

26                  obedience to the directions of Defendant?

27          ( c)    What was the extent of damage sustained by Class members, and what is

28                  the appropriate measure of damages?

 

1        (d)    Is Plaintiff's claim typical of those of the Class because he and the Class

2                sustained the same type of damages from Defendant's wrongful conduct?

3        (e)    Will Plaintiff adequately protect the interests of the Class, does he have a

4                conflict of interest with the Class, and does he have experienced counsel?

5        (f)    Is a class action is superior to other available methods for the fair and

6                efficient adjudication of this controversy?

7        (g)    Would the prosecution of separate actions by individual Class members

8                create a risk of inconsistent and varying adjudications?

9

10    **FACTUAL ALLEGATIONS**

11        9.    Defendant A.G. Edwards employed Plaintiff and others similarly situated as

12    "Financial Consultants," requiring each of them to sign a Financial Consultant Agreement and a

13    Supplementary Training Agreement for a Financial Consultant (collectively, "the Agreement"),

14    which provides in relevant part:

15        **2.**    You have certain obligation to Edwards arising from the training
expenses and other benefits you receive during the training period and the

16    post-licensing period. You understand and agree that a reasonable
estimation of the costs and expenses to Edwards for your training is:

17

18        (a)    $75,000 if you are not currently registered as a representative in
any capacity with the New York Stock Exchange, Inc. or the
National Association of Securities Dealers, Inc.; or

19

20        (b)    $60,000 if you are currently registered as a representative in
some capacity with the New York Stock Exchange, Inc. or the
National Association of Securities Dealers, Inc., but are not

21                currently fully registered as a general securities representative
with the New York Stock Exchange, Inc. and the National

22                Association of Securities Dealers, Inc.; or

23        (c)    $15,000 if you are currently fully registered as a general securities
representative with the New York Stock Exchange, Inc. and the

24                National Association of Securities Dealers, Inc. but participate in
the sales training portion of the Edwards training program.

25

26        **3.**    Accordingly, you specifically agree that you owe to Edwards the
amount set forth in paragraph 2 above until you have satisfied your
obligation to Edwards. You and Edwards agree that the obligation will be

27    satisfied upon sixty (60) months of continuous employment with Edwards
from the date of your full registration as a general securities representative

28    with the New York Stock Exchange, Inc. and the National Association of



1           Securities Dealers, Inc. and the statute in which your office is located.

2              4.     You agree that in the event you breach the provisions set forth in
paragraph 3, Edwards shall be entitled to monetary damages equal to the

3           amount set forth in paragraph 2(a), (b), or (c), whichever is applicable,
plus interest on such amount at the rate of 10% per annum from the date

4           of your termination until payment in full of your obligations, plus
reasonable attorney fees and all other costs and expense of collection.

5

6       10.     Plaintiff and other class members were parties to the Agreement and participated

7 in Defendant's employee training program at different times during the Class Period.

8       11.     Defendant's employment of Plaintiff and other class members terminated at

9 different times during the Class Period.

10       12.     After Plaintiff's employment terminated, Defendant sent him a letter, stating:

11              This letter constitutes a demand from A.G. Edwards & Sons, Inc.
("Edwards") for the immediate payment by you of the sum of $75,000.00

12           in accordance with the terms of the Supplementary Training Agreement
between you and Edwards.

13

14              At the time of your employment by Edwards, you signed a
Financial Consultant Agreement and a Supplementary Training

15           Agreement (hereinafter referred to collectively as "the Agree-ments"),
copies of which are enclosed for your reference. In the Agreements, you

16           agreed, among other things, that upon your resignation and in
consideration of the expense incurred by Edwards in training and

17           educating you as a Financial Consultant, you would reimburse Edwards
$75,000.00 unless you had been continuously employed by Edwards for

18           sixty (60) months from the date of your registration as a Financial
Consultant, July 23, 2004.

19              You voluntarily terminated your employment with Edwards on
May 31, 2006. Therefore, under the terms of the Agreements, you are

20           obligated to pay Edwards the sum of $75,000. Your check in the amount
of $75,000.00 should be made payable to A.G. Edwards & Sons, Inc. and

21           it should be mailed to A.G. Edwards & Sons, Inc. [at the following
address].

22

23              I look forward to your prompt payment of this indebted-ness. If
we do not have your payment within ten (10) business days from the date

24           of this letter, or have not been contacted by you to make arrangement for
payment, we may be compelled to take further legal action in order to

25           protect the firm's interests.

26       13.     In response to the letter, Plaintiff rendered a payment to Defendant. At the time of

27 obeying Defendant's directions, he did not believe that Defendant's directions were unlawful.

28       14.     Plaintiff is informed and believes that Defendant sent virtually identical letters to



1   all other similarly situated ex-employees, demanding that they, too, repay Defendant $15,000 to

2   $75,000 of purported training expenses, and that many rendered payments to Defendant, or were

3   sued by Defendant and suffered further damages thereby.  Plaintiff is informed and believes that

4   all others similarly situated were also ignorant of the unlawful nature of Defendant's demand.

5

6                              **FIRST CAUSE OF ACTION**
                               **FOR DAMAGES BASED ON**
7                              **VIOLATION OF LABOR CODE § 2802**

8          15.    Plaintiffs hereby incorporate all the allegations above.

9          16.    California Labor Code § 2802 provides:

10         (a) An employer shall indemnify his or her employee for all necessary
           expenditures or losses incurred by the employee in direct consequence of
11         the discharge of his or her duties, or of his or her obedience to the
           directions of the employer, even though unlawful, unless the employee, at
12         the time of obeying the directions, believed them to be unlawful.

13         (b) All awards made by a court ... for reimbursement of necessary
           expenditures under this section shall carry interest at the same rate as
14         judgments in civil actions. Interest shall accrue from the date on which the
           employee incurred the necessary expenditure or loss.
15
           (c) For purposes of this section, the term "necessary expenditures or
16         losses" shall include all reasonable costs, including, but not limited to,
           attorney's fees incurred by the employee enforcing the rights granted by
17         this section.

18         17.    In direct consequence of their discharge of duties as Defendant's employees, and

19  obedience to the direction of Defendant, Plaintiff and all class members necessarily submitted to

20  Defendant's training program, and incurred expenditures and losses on account thereof.

21         18.    In failing to indemnify its employees for necessary training expenses, and, instead,

22  *demanding payment thereof and collecting thereon*, Defendant has violated – and continues to

23  violate – Labor Code § 2802.

24         19.    By violating Cal. Labor Code § 2802, Defendant has damaged Plaintiff and other

25  class members in sums subject to proof.

26  / / /

27  / / /

28



**SECOND CAUSE OF ACTION -**
**INJUNCTIVE RELIEF**
**FOR VIOLATION OF LABOR CODE § 2802**

20.    Plaintiffs hereby incorporate all the allegations above.

21.    California employees of Defendant will suffer irreparable injury if Defendant is allowed to continue demanding payment of $15,000 to $75,000 for purported training expenses after their employment terminates.  As the amounts ex-employees would pay in response to Defendant's unlawful demands are unknown, such injuries cannot be quantified.

**THIRD CAUSE OF ACTION -**
**INJUNCTIVE RELIEF**
**FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE 16600**

22.    Plaintiffs hereby incorporate all the allegations above.

23.    California Business and Professions Code § 16600 provides: **"Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."**  Business and Professions Code § 16600 reflects the strong public policy of the State of California and the State has a strong interest in applying its statutes.

24.    Defendant's form Agreement violates Business and Professions Code § 16600 by providing as follows:

> 5.    If at any time you resign from Edwards, provoke your termination or are terminated for cause, you agree that for a period of one year following your termination, you will not solicit by mail, by phone, by personal meeting, or by any other means, either directly or indirectly, any account whom you served or whose name became known to you during your employment at Edwards at any office and in any capacity. Your agreement "not to solicit" means that you will not, during your employment and thereafter, initiate any contact or communication of any kind whatsoever, for the purpose of inviting, encouraging or requesting any Account to transfer from Edwards to any other person or organization that does business in securities, commodities and financial futures, insurance or any other lines of business in which Edwards or any of its affiliates is engaged, to open a new account with any such person or organization, or to otherwise discontinue its business relationship with Edwards.
>
> 6.    You will not recruit, entice, induce or solicit, directly or indirectly, during your employment with Edwards or for a period of one year following your termination of employment by Edwards, any




employee of Edwards or any of its affiliates, for employment with any other organization that does business in securities, commodities and financial futures, insurance or any other lines of business in which Edwards or any of its affiliates is engaged.

7.    In the event you breach any of the covenants of paragraphs 1, 5 or 6, you agree that Edwards will be entitled to injunctive relief. You recognize that Edwards will suffer immediate and irreparable harm and that money damages will not be adequate to compensate Edwards or to protect and preserve the status quo. Therefore, you consent to the issuance of a temporary restraining order or a preliminary or permanent injunction ordering:

(a)    that you immediately return to Edwards all records and documents whether original, duplicated, computerized, handwritten, or in any other form whatsoever, and that you will be enjoined and restrained from using or disclosing any information contained in such records and documents:

(b)    that you will be enjoined and restrained from soliciting any account that you served or whose name became known to you while employed by Edwards in any office and in any capacity;

(c)    that you will be enjoined and restrained from accepting business from any account who was solicited in violation of paragraph 5 or whose records and information was used in violation of paragraph 1;

(d)    that you will be further enjoined and restrained form recruiting, enticing, inducing or soliciting, directly or indirectly, any employee of Edwards or any of its affiliates, for employment with any other organization that does business in securities, commodities and financial futures, insurance or any other lines of business in which Edwards or its affiliates is engaged.

The above restraints shall apply to each and every account that you served or whose name became known to you while employed at Edwards, in any office and in any capacity.

8.    For the purposes of paragraph 7, you agree to submit to, and confer exclusive jurisdiction on, the United States District Court or state court which has original jurisdiction for the judicial district or county in which you last worked for Edwards.

25.    Class Members – including future ex-employees of Defendant – will suffer irreparable loss if Defendant is allowed to intimidate them with threats of injunctive relief if they dare to compete with Defendant. Such losses cannot be quantified.

///

///

1    **WHEREFORE**, Plaintiff Sam Landrum, for himself and others similarly situated, prays

2    this Court grant the following relief:

3    1) A declaration of this action to be a proper class action;

4    2) An award of damages to Plaintiff and the other members of the Class;

5    3) An award of prejudgment interest at the legal rate of ten percent interest per year from the

6    dates on which each of the Class Members incurred their damages;

7

8    4) A permanent injunction prohibiting Defendant from directly or indirectly communicating

9    to its California employees – in violation of Labor Code § 2802 and Business & Professions

10   Code § 16600 – that:

11        a)    they are liable for training or other necessary expenses of their employment; or

12        b)    they may not compete with Defendant after their employment terminates;

13

14   5) All reasonable costs, including but not limited to attorney's fees; and

15   6) Any other relief that is just and proper.

16                                Respectfully Submitted,

17                                LAW OFFICES OF JON E. DRUCKER

18   Dated: April 13, 2007

19                                Jon E. Drucker

20                                Attorneys for Plaintiff Samson Landrum
                                 and All Others Similarly Situated

21

22

23

24

25

26

27

28

**CT** CORPORATION
A Wolters Kluwer Company

**Service of Process
Transmittal**
04/27/2007
Log Number 512172196

**TO:**    Clay Grumke, Director of Law
A.G. Edwards & Sons, Inc.
One N. Jefferson Avenue
Saint Louis, MO, 63103-

**RE:**    **Process Served in California**

**FOR:**    A.G. Edwards & Sons Inc. (Domestic State DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Sam Landrun, on behalf of himself and all others similarly situated, Pltfs. vs. A.G. Edwards, Inc. aka A.G. Edwards & Sons, Inc., Dh. |
| **DOCUMENT(S) SERVED:** | Summons, Class Action Complaint, Cover Sheet Addendum |
| **COURT/AGENCY:** | Alameda County, Oakland, Superior Court, CA<br>Case # RG07321365 |
| **NATURE OF ACTION:** | Employee Litigation - Violation of labor code statutes. Seeking permanent injunction prohibiting dft. from communicating to it's California employees that they are liable for training and other expenses and that they cannot compete with dft. after ther employment terminates |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/27/2007 at 09:21 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jon E. Drucker<br>8306 Wilshire Blvd<br>#636<br>Beverly Hills, CA. 90211<br>323-931-6363 |
| **REMARKS:** | Even though Summons continuation service on A.G. Edwards, Inc., Complaint names Dh. as A.G. Edwards, Inc. aka A.G. Edwards & Sons, Inc. (Process server confirmed documents were being served on A.G. Edwards & Sons, Inc. |
| **ACTION ITEMS:** | Telephone, Clay Grumke , 314-955-5327<br>*Reported and faxed to Trish at company*<br>SOP Papers with Transmittal, via Fed Ex 2 Day 790726835985<br>Email Notification, Clay Grumke GRUMKECL@AGEDWARDS.COM<br>Email Notification, Sherry Wolk sherry.wolk@agedwards.com<br>Email Notification Trish Unterberg trish.unterberg@agedwards.com<br>Email Notification, Bill Port PortWS@ageowards.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dianne Christman |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA, 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

TOTAL P.02

**EXHIBIT B**

1   DARYL S. LANDY, State Bar No. 136288
    MORGAN, LEWIS & BOCKIUS LLP
2   2 Palo Alto Square
    3000 El Camino Real, Suite 700
3   Palo Alto, CA 94306-2212
    Tel: 650.843.4000
4   Fax: 650.843.4001
    dlandy@morganlewis.com
5
    M. MICHAEL COLE, State Bar No. 235538
6   MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
7   San Francisco, CA 94105-1126
    Tel: 415.442.1000
8   Fax: 415.442.1001
    mcole@morganlewis.com
9
    Attorneys for Defendant
10  A.G. EDWARDS INC., a.k.a. A.G. EDWARDS &
    SONS, INC.
11

12                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                              COUNTY OF ALAMEDA

14

15  SAM LANDRUM,                          Case No. RG07321365
    On Behalf of Himself and
16  All Others Similarly Situated,        **ANSWER TO PLAINTIFF'S UNVERIFIED
                                          COMPLAINT**
17                  Plaintiff,

18          vs.

19  A.G. EDWARDS, INC. a.k.a. A.G.
    EDWARDS & SONS, INC.,
20
                    Defendant.
21

22
            Defendant A.G. Edwards, Inc., a.k.a. A.G. Edwards & Sons, Inc. ("Defendant") hereby
23
    answers and responds to Plaintiffs' Complaint as follows:
24
            Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies
25
    generally each and every allegation contained in Plaintiff's Complaint, and denies further that
26
    Plaintiff has been injured in the amount or manner alleged or in any other manner whatsoever.
27
            WHEREFORE, Defendant asserts the following affirmative defenses and prays for
28
MORGAN, LEWIS &
BOCKIUS LLP        1-SF/7553086.1
ATTORNEYS AT LAW
SAN FRANCISCO                       ANSWER TO UNVERIFIED COMPLAINT

1    judgment as set forth below.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against it.

## SECOND AFFIRMATIVE DEFENSE
### (Not Appropriate For Class Action)

2.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to satisfy any of the prerequisites for class certification.

## THIRD AFFIRMATIVE DEFENSE
### (Due Process/Class Certification)

3.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that certification of a class would constitute a denial of its due process rights in violation of the United States Constitution's and of the California Constitution.

## FOURTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

4.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, the California Code of Civil Procedure sections 338 and 340 and California Business and Professions Code section 17208.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrine of estoppel.

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7553086.1                                     2

ANSWER TO UNVERIFIED COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

6.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

## SEVENTH AFFIRMATIVE DEFENSE
### (Accord And Satisfaction, Payment)

7.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

## EIGHTH AFFIRMATIVE DEFENSE
### (Release)

8.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part because said claims have been released by the employee(s) in question.

## NINTH AFFIRMATIVE DEFENSE
### (Failure To Exhaust Internal and Administrative Remedies)

9.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's statutory claims, and the claims of each putative member of the purported class defined in the Complaint, are barred to the extent they failed to exhaust their internal and/or administrative remedies.

## TENTH AFFIRMATIVE DEFENSE
### (Laches)

10.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrine of laches.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7553086.1                          3

ANSWER TO UNVERIFIED COMPLAINT

1

2

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Unclean Hands)

3      11.    As a separate affirmative defense to the Complaint and to every cause of action

4   alleged therein, Plaintiff's claims, and the claims of the putative members of the purported class,

5   are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

6

### TWELFTH AFFIRMATIVE DEFENSE
#### (Arbitration)

7

8      12.    As a separate affirmative defense to the Complaint and to every cause of action

alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member

9
of the purported class defined in the Complaint, may not be litigated in court because those claims

10
are subject to mandatory, final, and binding arbitration.

11

12

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Due Process/Unfair Business Practices)

13      13.    As a separate affirmative defense to the Complaint and to the third cause of action

14   alleged therein, Defendant alleges that prosecution against it of a representative action in these

15   circumstances, and on behalf of persons who are neither members of nor the general public, under

16   Business and Professions Code Section 17200 would constitute a denial of its due process rights

17   in violation of the United States Constitution's Fourteenth Amendment and of the California

18   Constitution.

19

20

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Lack Of Standing)

21      14.    As a separate affirmative defense to the Complaint and to the third cause of action

22   alleged therein, Defendant alleges that the named Plaintiff lacks standing to bring claims brought

23   pursuant to California Business and Professions Code Section 17200 against Defendant or to seek

24   injunctive relief against Defendant.

25

26

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Adequate Remedy At Law)

27      15.    As a separate affirmative defense to the Complaint and to the third cause of action

28   alleged therein, the Defendant alleges that Plaintiff's causes of action and those of the purported

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7553086.1                                4

1  class brought pursuant to California Business and Professions Code Section 17200, are barred in

2  light of the fact that Plaintiff and the purported class have an adequate remedy at law.

3

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

4

5  16.    As a separate affirmative defense to the Complaint and to every cause of action

6  alleged therein, Plaintiff's monetary claims, and the claims of the putative members of the

7  purported class, are barred in whole or in part because they have not appropriately nor adequately

8  mitigated their alleged damages.

9

### SEVENTEENTH-SIXTH AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

10

11  17.    As a separate affirmative defense to the Complaint and to every cause of action

12  alleged therein, Defendant alleges that if Plaintiff or any putative members of the purported class

13  defined in the Complaint have sustained any damages, although such is not admitted hereby or

14  herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and

15  recoupment to offset all obligations of the Plaintiff or putative class members owed to Defendant

16  against any judgment that may be entered against Defendant.

17

### SEVENTEENTH-SIXTH AFFIRMATIVE DEFENSE
### (Stay)

18

19  18.    As a separate affirmative defense to the Complaint and to every cause of action

20  alleged therein, Defendant alleges that Plantiff's claims, and the claims of any putative member

21  of the purported class, should be dismissed and/or stayed as they are encompassed by an earlier

filed action.

22

23

WHEREFORE, Defendant prays for judgment as follows:

24

1.    That Plaintiff take nothing by the Complaint;

25

2.    That judgment be entered against Plaintiff and in favor of the Defendant;

26

3.    That Defendant be awarded attorneys' fees incurred herein;

27

4.    That Defendant be awarded costs of suit herein; and

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7553086.1                               5

1    5.    For such other and further relief as the Court deems just and proper.

2

3    Dated: May 29, 2007                    MORGAN, LEWIS & BOCKIUS LLP

4

5                                By

6                                Daryl Landy
                                 M. Michael Cole
7                                Attorneys for Defendant,
                                 A.G. EDWARDS, INC., a.k.a. A.G.
                                 EDWARDS & SONS, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP            1-SF/7553086.1                    6
ATTORNEYS AT LAW
SAN FRANCISCO                        ANSWER TO UNVERIFIED COMPLAINT

1    **PROOF OF SERVICE**

2    I am a resident of the State of California and over the age of eighteen years, and not a
     party to the within action; my business address is One Market, Spear Street Tower, San
3    Francisco, California 94105-1126.

4    On May 29, 2007, I served the within document(s):

5    ANSWER TO COMPLAINT

6    ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set
7         forth below on this date before 5:00 p.m.

8    ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
9         fully prepaid, in the United States mail at San Francisco, California addressed as
          set forth below.
10

11   ☐    by placing the document(s) listed above in a sealed FEDERAL EXPRESS
          envelope and affixing a pre-paid air bill, and causing the envelope to be delivered
12        to a FEDERAL EXPRESS agent for delivery.

13   ☐    by causing the document(s) listed above to be personally delivered to the person(s)
14        at the address(es) set forth below.

15   ☐    by transmitting via electronic mail the document(s) listed above to each of the
16        person(s) as set forth below.

17

18   Jon E. Drucker                                Attorney for Plaintiff, Sam Landrum
     LAW OFFICES OF JON E. DRUCKER
19   8306 Wilshire Boulevard, Suite 638
     Beverly Hills CA 90211
20   (323) 931-6363 Phone
21   (310) 861-5480 Fax

22
     I am readily familiar with the firm's practice of collection and processing correspondence
23   for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
     day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
24   motion of the party served, service is presumed invalid if postal cancellation date or postage
     meter date is more than one day after date of deposit for mailing in affidavit.
25
     Executed on May 29, 2007, at San Francisco, California.
26
     I declare under penalty of perjury, under the laws of the State of California, that the above
27   is true and correct.

                                                  Patricia De La/Hoya Murphy
28
MORGAN, LEWIS &
BOCKIUS LLP      1-SF/7555947.1
ATTORNEYS AT LAW
SAN FRANCISCO                        ANSWER TO COMPLAINT