1  DARYL S. LANDY, State Bar No. 136288
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA 94306-2212
   Tel: 650.843.4000
4  Fax: 650.843.4001
   dlandy@morganlewis.com
5
   M. MICHAEL COLE, State Bar No. 235538
6  MORGAN, LEWIS & BOCKIUS, LLP
   One Market, Spear Street Tower
7  San Francisco, CA 94105-1126
   Tel: 415.442.1000
8  Fax: 415.442.1001
   mcole@morganlewis.com
9

10 Attorneys for Defendant
   A.G. EDWARDS, INC., a.k.a. A.G. EDWARDS &
11 SONS, INC.

12
   JON E. DRUCKER, State Bar No. 139369
13 LAW OFFICES OF JON E. DRUCKER
   8306 Wilshire Boulevard # 836
14 Beverly Hills, CA 90211
   Tel: 323.931.6363
15 Fax: 310.861-5480
   Jdrucker@lawyers.com
16
   Attorneys for Plaintiff SAM LANDRUM
17 And All Others Similarly Situated

18                    UNITED STATES DISTRICT COURT

19                   NORTHERN DISTRICT OF CALIFORNIA

20

21 SAM LANDRUM,                          Case No. 07-cv-02791 MMC
   On Behalf of Himself and
22 All Others Similarly Situated,,       **JOINT CASE MANAGEMENT
                                         STATEMENT**
23              Plaintiff,

24     vs.

25 A.G. EDWARDS, INC. a.k.a. A.G.
   EDWARDS & SONS, INC.,
26
                Defendant.
27

28
MORGAN, LEWIS &
 BOCKIUS LLP
ATTORNEYS AT LAW
   CHICAGO         1-SF/7602521.1                              (C 07-02791 MMC)
                                              JOINT CASE MANAGEMENT STATEMENT

### I. JURISDICTION AND SERVICE

This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 due to diversity of citizenship and amount in controversy. No issues exist regarding personal jurisdiction and no parties remain to be served.

### II. FACTS

Defendant A.G. Edwards & Sons, Inc. ("Defendant" or "AGE") trained members of the putative class to become "financial consultants" under a written training contract. If and when these employees left AGE, AGE demanded and collected from some of them some or all of the purported costs of their training.

Also pursuant to that training agreement, AGE prohibited ex-employees from soliciting in California the AGE's clients for one year after leaving AGE.

### III. LEGAL ISSUES

The following legal issues are in dispute:

1. Whether Defendant violated California Labor Code § 2802, which requires employers to indemnify employees for the reasonable and necessary expenses incurred in their employment.

2. Whether Defendant's non-solicitation agreement violates California Business and Professions Code § 16600, *et. seq.*, which prohibits restraints on competition.

3. Whether Plaintiff has standing to pursue injunctive relief for alleged violations of California Labor Code § 2802 and California Business and Professions Code § 16600, *et. seq.*

4. Whether this case may be certified as a class pursuant to Federal Rule of Civil Procedure 23.

Discovery, which is just underway, may reveal additional legal issues in dispute.

### IV. MOTIONS

No motions are currently pending.

Plaintiff may file one or more of the following motions: (1) Motion Seeking Leave to Amend the Complaint to add a claim under California Labor Code section 221; (2) a Motion for Class Certification, and (3) a Motion for Summary Judgment or, in the Alternative, Summary

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7602521.1

2

(C 07-02791 MMC)
JOINT CASE MANAGEMENT STATEMENT

1  Adjudication.

2  Defendant may file one or more of the following motions: (1) a Motion for Judgment on
3  the Pleadings; and/or (2) a Motion for Summary Judgment, or in the Alternative, Summary
4  Adjudication.

5  **V.   AMENDMENT OF PLEADINGS**

6  Plaintiff intends to seek leave to amend his Complaint to add a claim under California
7  Labor Code section 221. The parties propose March 1, 2008 as the deadline for amending the
8  pleadings, including any motion to add parties.

9  **VI.   EVIDENCE PRESERVATION**

10  Plaintiff possesses the training agreement which he has preserved.

11  Defendant has taken and continues to take reasonable steps to preserve evidence relevant
12  to the issues reasonably evident in this action. Defendant is in the process of determining whether
13  any relevant information is stored electronically so as to identify whether there are any issues
14  related to the disclosure or discovery of electronically stored information.

15  **VII.   DISCLOSURES**

16  The parties will exchange the required initial disclosures prior to the case management
17  conference.

18  **VIII.   DISCOVERY**

19  On June 4, 2007, Plaintiff propounded on Defendant requests for production of
20  documents, requests for admissions, and interrogatories. Defendant's responses are currently due
21  October 1, 2007. Defendant anticipates propounding similar requests on Plaintiff. The parties
22  further anticipate taking depositions. The general subjects of discovery will include issues
23  related to liability and class certification. The parties do not request any changes to the
24  limitations on discovery imposed by the Federal Rules of Civil Procedure or local rules. Except
25  for the exchange of expert reports and expert discovery and the submission of a stipulated
26  protective order to the Court, the parties do not propose bifurcating discovery into stages.
27  Instead, the parties propose the following discovery plan:
28  Discovery cut-off: October 1, 2008

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7602521.1

3

(C 07-02791 MMC)
JOINT CASE MANAGEMENT STATEMENT

1  Expert discovery cut-off: February 13, 2009

## IX. CLASS ACTIONS

The parties propose July 1, 2008 as the deadline for Plaintiff to file any motion for class certification.

## X. RELATED CASES

The parties are currently unaware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

## XI. RELIEF

Plaintiff Sam Landrum, for himself and others similarly situated, seeks the following relief: 1) A declaration of this action to be a proper class action; 2) an award of damages to Plaintiff and the other members of the Class – based upon the total of Defendant's collection of payments from members of the Class; 3) an award of prejudgment interest at the legal rate of ten percent interest per year from the dates on which each of the Class Members incurred their damages; 4) a permanent injunction prohibiting Defendant from directly or indirectly communicating to its California employees – in violation of Labor Code § 2802 and Business & Professions Code § 16600 – that: a) they are liable for training or other necessary expenses of their employment; or b) they may not compete with Defendant or solicit their own clients after their employment terminates; 5) all reasonable costs, including but not limited to attorney's fees; and 6) any other relief that is just and proper.

## XII. SETTLEMENT AND ADR

The parties are discussing private mediation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Defendant does not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

## XIV. OTHER REFERENCES

Plaintiff is willing to submit the case to binding arbitration. Defendant is not willing to refer this case to binding arbitration as a putative class action, a special master, or the Judicial Panel on Multidistrict Litigation.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7602521.1

4

(C 07-02791 MMC)
JOINT CASE MANAGEMENT STATEMENT

## XV. NARROWING OF ISSUES

The parties anticipate that the factual and legal issues in this case can be narrowed through either a motion for judgment on the pleadings and/or cross motions for summary judgment, or in the alternative, summary adjudication.

## XVI. EXPEDITED SCHEDULE

This case is not appropriate for handling on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The parties propose the following scheduling dates:

Last day to file class certification motion: July 1, 2008

Last day to file dispositive motions: December 31, 2008

Expert discovery cut-off: February 13, 2009

Pretrial conference: March 3, 2009

Trial date: March 31, 2009

## XVIII. TRIAL

With the first amended complaint, Plaintiff will demand a jury trial on the claims for damages. The parties expect trial to last anywhere from 5 to 10 court days.

## XIX. DISCLOSURE OF NON-PARTY INTEREST ENTITIES OR PERSONS

Defendant has filed a "Certification of Interested Entities or Persons." As stated in that certificate, Defendant A.G. Edwards, Inc. is the parent corporation of Defendant A.G. Edwards & Sons, Inc., and holds 100% of A.G. Edwards & Sons, Inc.'s stock. A.G. Edwards, Inc. does not have a parent corporation and no publicly held corporation owns more than 10% of its stock.

## XX. OTHER MATTERS

The parties will submit a stipulation and proposed protective order concerning disovery for entry by the Court; otherwise, they do not now anticipate other matters that would otherwise facilitate the just, speedy, and inexpensive disposition of this matter.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7602521.1

5

(C 07-02791 MMC)
JOINT CASE MANAGEMENT STATEMENT

XX. **OTHER MATTERS**

The parties will submit a stipulation and proposed protective order concerning discovery for entry by the Court; otherwise, they do not now anticipate other matters that would otherwise facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: September 14, 2007

MORGAN, LEWIS & BOCKIUS LLP

By _____
Daryl Landy
Attorneys for Defendants
A.G. EDWARDS, INC., a.k.a. A.G. EDWARDS & SONS, INC.

Dated: September 12, 2007

By _____
Jon E. Drucker
Attorneys for Plaintiff
SAM LANDRUM

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1-SF/7602521.1                                6                           (C 07-02791 MMC)
                                                                  JOINT CASE MANAGEMENT STATEMENT